# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **RONALD BRITCHER, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:14-cv-02376 |
| ) | **CHIEF JUDGE CRENSHAW** |
| **NANCY A. BERRYHILL,** ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Doc. No. 18), recommending that the Court deny Plaintiff's Motion for Judgment Upon the Administrative Record (Doc. No. 12). Plaintiff filed timely objections (Doc. No. 19), and the Commissioner filed a response (Doc. No. 20). The Court has reviewed the Report and Recommendation, Plaintiff's objections, and conducted a de novo review of the record. For the following reasons, Plaintiff's objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**.

Plaintiff's first objection is that the Magistrate Judge erred by finding that the Administrative Law Judge ("ALJ") improperly weighed the opinion of Plaintiff's treating physician, Dr. Joanna Shaw. (Doc. No. 19 at 1-5.) Where, as here, an ALJ does not give controlling weight to a treating physician's opinion, the ALJ must give "good reasons" that are "supported by the evidence in the case record, and . . . sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013) (citations omitted). Nonetheless, "an insufficient discussion may be harmless error []

> (1) [if] a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;
>
> (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or
>
> (3) where the Commissioner has met the goal of § 1527(d)(2)—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation.

Hernandez v. Comm'r of Soc. Sec., 644 F. App'x 468, 474 (6th Cir. 2016) (quoting Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 547 (6th Cir. 2004)). Here, the Magistrate Judge noted that the ALJ provided "scant analysis" in weighing Dr. Shaw's opinion, but found any error in disregarding the treating physician rule to be harmless based on the first and third circumstances. (Doc. No. 18 at 9-13.)

Plaintiff contends that the Magistrate Judge misapplied the standard for "patent deficiency" by using "*post hoc* reasoning" to support the ALJ's discussion. (Doc. No. 19 at 2-5.) First, it is not inappropriate for the Court to consider the record as a whole in determining that a treating physician's opinion was "so patently deficient that the Commissioner could not possibly credit it." See Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 423 (6th Cir. 2013) (finding a treating physician's opinion patently deficient because it included statements that were unsupported by the record). Next, Plaintiff's argument does not address the Magistrate Judge's ruling regarding the third "harmless error" circumstance. The Sixth Circuit has explained that this circumstance "may be met when the 'supportability' of a doctor's opinion, or its consistency with other evidence in the record, is *indirectly* attacked via an ALJ's analysis of a physician's other opinions or his analysis of the claimant's ailments." Friend v. Comm'r of Soc. Secn, 375 F. App'x 543, 551 (6th Cir. 2010) (citations omitted). The Magistrate Judge specifically found that "the ALJ indirectly attacked Dr. Shaw's opinion by referencing the lack of objective findings in the record

that would support her opinion." (Doc. No. 18 at 12-13.) This finding of the Magistrate Judge was not error, and the Court therefore concludes that Plaintiff's first objection is without merit.

Second, Plaintiff objects to the Magistrate Judge's finding that the ALJ did not commit reversible error by failing to discuss Plaintiff's medical equivalence to Listing 1.04. (Doc. No. 19 at 5-6.) Aside from disagreeing with the Magistrate Judge's conclusion, however, Plaintiff does not identify a specific portion of the Magistrate Judge's analysis that was in error. For the reasons stated in the Report and Recommendation (Doc. No. 18 at 13-16), Plaintiff's second objection is overruled.

Third, Plaintiff objects to the Magistrate Judge's finding that it was not reversible error for the ALJ to omit psychological restrictions from Plaintiff's residual functional capacity ("RFC"). (Doc. No. 19 at 6-7.) The Department of Veterans Affairs ("VA") rated Plaintiff as 100% disabled due to post-traumatic stress disorder ("PTSD"). (Doc. No. 10 at 687.) Plaintiff specifically argues that the ALJ should have discussed this VA determination more thoroughly. (Doc. No. 19 at 6-7.) However, the Magistrate Judge correctly noted that the ALJ discussed Plaintiff's effective PTSD treatment, normal mental status examination, and that Plaintiff attributed his limitations to physical rather than mental impairments in a function report and at the hearing before the ALJ. (Doc. No. 18 at 17.) This objection is without merit.

Accordingly, Plaintiff's Motion for Judgment Upon the Administrative Record (Doc. No. 12) is **DENIED** and the Commissioner's decision is **AFFIRMED**. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

3